UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 21 2005
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOYCE LOUDNER, AMBROSE McBRIDE, CHAUNCEY LONG CROW, DELLA LYTLE, HILDA LONG CROW, LISA REDWING, HORACE GILBERT SLOW, DARLENE FALLIS JONES, LYLE MEDICINE CROW, RAMONA ESTES, FAY JANDREAU, NORMAN V. TAYLOR, and KATHRYN RATLIFF, <br><br>Plaintiffs, <br><br>-vs- <br><br>UNITED STATES OF AMERICA, and GALE NORTON, individually and in her capacity as Secretary of the Interior, <br><br>Defendants. | CIV 94-4294 <br><br><br><br>MEMORANDUM OPINION AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Court previously ruled that Plaintiffs are entitled to recover attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a) (1994). (Memorandum Opinion and Order, Doc. 317, July 26, 2005.) Additional information was requested by the Court to determine the amount of the award. Plaintiffs have submitted additional information and the Defendants have responded to Plaintiffs' materials.

Given that this litigation began over 10 years ago, the Court concluded that an adjustment to the $75 per hour cap should be made for the cost of living from October 1, 1981, the effective date of the EAJA as originally enacted. *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Plaintiffs were given an opportunity to submit a proposed calculation for a cost of living adjustment in this case. This calculation was performed by Dr. Ralph Brown and submitted to the Court in a table set forth in Dr. Brown's affidavit, Doc. 320. Defendants do not object to the accuracy of Dr.

Brown's cost of living index calculations. Defendants do object, however, to the Plaintiffs' submissions because they have not applied Dr. Brown's calculations to the bills they submitted. The Court agrees that Plaintiffs failed to make the necessary calculations. In order to expeditiously conclude the final issue in this case, the Court applied the calculations in Dr. Brown's affidavit to the bills previously submitted by Plaintiffs. The Court agrees with Defendants that the rate of $155.86 should not apply for all billing entries. Rather, the Court applied the rate provided in Dr. Brown's affidavit for each time entry in the affidavits of both Stephanie Pochup (Doc. 309) and Mike Abourezk (Doc. 308). For example, the first time entry in Ms. Pochup's Affidavit is on November 13, 1994, to which the Court applied the rate of $120.29, which is listed in Dr. Brown's table as the rate for the eleventh month in 1994. (Doc. 320, page 6.)

The Court previously noted that the time spent by Matt Meyer (a law school graduate that had not yet passed the bar exam) was included in the total number of attorney hours, but that his time would be compensated at the rate of $50.00 per hour. Excluding Matt Meyer's hours, and applying the rates set forth in Dr. Brown's Affidavit, Doc. 320, to the time entries in Stephanie Pochop's Affidavit, Doc. 309, results in a total of $284,621.48. There are 97.85 hours recorded for Matt Meyer that will be added to the award, compensated at the rate of $50.00 per hour, totaling $4,892.50. Ms. Pochop also withdrew her request for ten hours of brief preparation in February 2005 (see Doc. 311, note 1), which will reduce the award by $1,541.80. Thus, the total amount of attorney's fees based upon the Affidavit of Stephanie Pochop is $278,187.18.

Plaintiffs were directed to provide an explanation for the expense request for Lisa Red Wing. Ms. Red Wing was a named plaintiff who helped other plaintiffs and lineal descendants to complete their applications to share in the Judgment Fund. Ms. Red Wing served as a contact person with lineal descendants and her work reduced the number of hours expended by Plaintiffs' attorneys and paralegals in this litigation. Thus, the Court finds the expenses for Ms. Red Wing are recoverable by Plaintiffs. The total amount allowed for Ms. Red Wing's expenses will be $2,988.50, because Plaintiffs admit they do not have proper documentation for the additional $273 requested in Ms. Pochop's Affidavit, Doc. 309. Plaintiffs were further directed to provide information regarding the expense request for John Stekly. Ms. Pochup explained that Mr. Stekly performed legal research and

was paid $15.00 per hour plus expenses. (Affidavit of Stephanie Pochup, Doc. 319.) The amount for Mr. Stekly will be allowed. The following amounts will be subtracted from Plaintiffs' request for expenses: (1) all entries for Westlaw research, totaling $2,223.65, as noted in the Court's prior decision; (2) $273 for the Lisa Red Wing expenses that were admittedly not properly documented by Plaintiffs; (3) $50.00 for Rebecca Dolezal, which was withdrawn by Plaintiffs; and (4) $1,000 security deposit on May 5, 1998, which was withdrawn by Plaintiffs. Thus, the amount of expenses requested in Ms. Pochup's Affidavit, Doc. 309, that will be awarded is $19,887.96.

Mike Abourezk submitted an application for fees for the time he worked on this case after he left the Johnson Eklund Law Office. He withdrew his request for several time entries including: (1) entries for "BH," which stands for Brenda Hubbard; (2) all but 14 hours on October 28, 1997; (3) all entries after November 21, 1997. Applying Dr. Brown's cost of living index calculation to the remaining time entries in the Affidavit of Mike Abourezk, Doc. 308, results in a total of $5,520.70. The expenses in Mr. Abourezk's affidavit, minus the amounts he withdrew from the request in his Supplemental Affidavit, Doc. 312, total $206.13. Accordingly,

IT IS ORDERED:

1. That pursuant to the Equal Access to Justice Act, Plaintiffs are awarded: (a) attorney's fees in the amount of $278,187.18 for services provided by the Johnson Eklund Law Office and $5,520.70 for services provided by Mike Abourezk; and (2) expenses in the amount of $19,887.96 from the Johnson Eklund Law Office and $206.13 from Mike Abourezk.

Dated this 21st day of September, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
DEPUTY

3